**CORBITT, Appellant,**

v.

**THOMPSON & SON COMPANY, Appellee.**

[Cite as *Corbitt v. Thompson & Son Co.* (1989), 65 Ohio App.3d 598.]

Court of Appeals of Ohio,
Crawford County.

No. 3–88–13.

Decided Dec. 13, 1989.

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *William J. Melvin,* for appellant.

*Weldon, Huston & Keyser* and *David D. Carto,* for appellee.

KERNS, Judge.

The plaintiff, Todd Corbitt, was employed as a power press operator by the defendants, Thompson & Son Company, and on October 24, 1985, he was assigned to a press which had been set up to produce freezeout plugs for engine blocks.

When Corbitt received his assignment, Thompson's shop foreman told him to be careful because his press had "double-tripped" on previous occasions. After about two hours on the job, the defective press "double-hit" again, at which time Corbitt complained to the foreman. However, his foreman told him "to either run it or go home," and as a result of this conversation, the plaintiff continued to operate the punch press. About one hour later, the press "double-hit" again, causing severe injuries to Corbitt's right hand, including the partial amputation of two fingers.

On October 21, 1986, the plaintiff commenced this tort action claiming, among other things, that Thompson's foreman required him to operate the defective machinery. After the issues were drawn by the pleadings, the defendant deposed the plaintiff as upon cross-examination, and based upon Corbitt's testimony, Thompson moved for a summary judgment. Subsequently, the trial court applied the definition of "intentional tort," as set forth in R.C. 4121.80(G)(1), to the testimony of Corbitt, and thereupon sustained Thompson's motion for a summary judgment. From the judgment so entered in the court of common pleas, Corbitt has filed a timely notice of appeal to this court.

The appeal is based upon two assignments of error, the first of which has been stated by the appellant as follows:

"1. The trial court erred when it retroactively applied the statutory definition of an intentional tort to the facts in a case that arose prior to the effective date of Section 4121.80(G)(1), Ohio Revised Code."

The appellee apparently does not seriously challenge the appellant's allegation that the trial court erred in applying the definition of an "intentional tort" set forth in R.C. 4121.80(G) to the proceedings in this case, and upon the authority of *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, this court is likewise of the opinion that the first assignment of error is well made.

The second assignment of error has been set forth by the appellant as follows:

"2. The trial court erred in finding as a matter of law that an employer's conduct in directing an employee to operate a malfunctioning power press does not rise to the level of an intentional tort."

In the *Van Fossen* case, *supra,* the Supreme Court alluded to three elements which must be demonstrated in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Id.* at paragraph five of the syllabus.

With respect to the fundamental principles which must be applied in summary judgment proceedings, the meager facts of the present case easily hurdle the first and third elements proposed in *Van Fossen, supra,* and as to the second element, reasonable minds might readily differ as to whether the continued operation of a "double-tripping" punch press posed a "substantial certainty" of personal injuries. See *Jones v. VIP Development Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046. Indeed, the evidence submitted in these proceedings, as disclosed by the deposition, militates against the summary judgment, and the second assignment of error therefore must be sustained.

Accordingly, the judgment will be reversed and the cause is remanded to the common pleas court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

S<small>HAW</small> and T<small>HOMAS</small> F. B<small>RYANT</small>, JJ., concur.

J<small>OSEPH</small> D. K<small>ERNS</small>, J., retired, of the Second Appellate District, sitting by assignment.